UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INVENSYS SYSTEMS, INC.<br>Plaintiff,<br><br>v.<br><br>CENTENNIAL INSURANCE COMPANY,<br>Defendant.<br><br>) )<br>) )<br>) )<br>) )<br>) )<br>) ) MBB<br>**MAGISTRATE JUDGE** | **05 11589 WGY**<br><br>CIVIL ACTION NO# _65928_<br>AMOUNT $ ___ 250 00<br>SUMMONS ISSUED ___ N/A<br>LOCAL RULE 4.1 ___<br>WAIVER FORM ___<br>MCF ISSUED ___<br>BY DPTY. CLK. ___<br>DATE ___ |

### DEFENDANT CENTENNIAL INSURANCE COMPANY'S
### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Pursuant to the provisions of 28 U.S.C. §1332(a)(1), 1441(a) and 1446(b), Defendant Centennial Insurance Company ("Centennial") hereby gives notice of its removal of this action to the United States District Court for the District of Massachusetts from the Superior Court of Massachusetts, in and for Norfolk County, and in support thereof would respectfully show as follows:

1.    Centennial is a defendant in a civil action brought in the Superior Court of the Commonwealth of Massachusetts, in and for Norfolk County, styled as *Invensys Systems, Inc. v. Centennial Insurance Company*, Civil Action No. 05-01151 (the "*Invensys* Action").

2.    Centennial was served with a copy of the Summons and Complaint in the *Invensys* Action after July 1, 2005. A true copy of the Summons and Complaint in the *Invensys* Action, as served on Centennial, is attached to this Notice of Removal as Exhibit A. Centennial's Notice of Removal is filed within thirty (30) days after the receipt by Centennial of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, as required by 28 U.S.C. §1446(b).

1154305v1

3.     The *Invensys* Action is a suit of a wholly civil nature brought in the Superior Court of the Commonwealth of Massachusetts, in and for Norfolk County. The United States District Court for the District of Massachusetts is therefore the proper forum and venue to which this action may be removed under the provisions of 28 U.S.C. §§101 and 1441(a).

4.     This Court has original jurisdiction to entertain this action because the only parties to this case are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§1332(a)(1), 1441(a). In particular, on its face the Complaint in the *Invensys* Action alleges damages in an amount exceeding $2.1 million. Removal of this action is not prohibited by 28 U.S.C. §1445.

5.     With respect to diversity of citizenship, Plaintiff Invensys Systems, Inc., formerly known as The Foxboro Company, is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Foxboro, Massachusetts.

6.     Defendant Centennial Insurance Company is a corporation organized under the laws of the State of New York with its principal place of business in New York, New York.

7.     Pursuant to 28 U.S.C. §1446(d), Centennial has filed a notice of the filing of this Notice of Removal (including a copy thereof) with the Clerk of the Superior Court of the Commonwealth of Massachusetts, in and for Norfolk County.

8.     Pursuant to 28 U.S.C. §1447(d) and Local Rule 81.1, Centennial has requested that the Clerk of the Superior Court of the Commonwealth of Massachusetts, in and for Norfolk County, provide certified or attested copies of all records and proceedings in the *Invensys* Action and certified or attested copes of all docket entries thereon. Centennial will cause such attested or certified copies of the state court record to be filed with this Court within thirty (30) days hereof as required by Local Rule 81.1.

9.    Counsel for Centennial is duly admitted to practice before this Court and signs this Notice of Removal in accordance with the requirements of Fed.R.Civ.P. 11.

**WHEREFORE**, Centennial respectfully requests that the above-referenced action now pending in the Superior Court of the Commonwealth of Massachusetts, in and for Norfolk County, be removed from that Court to the United States District Court for the District of Massachusetts.

**CENTENNIAL INSURANCE CO.**

By its attorneys,

Michel F. Aylward BBO #024850
John T. Harding BBO #221270
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210
(617) 439-7558
(617) 342-4888 (facsimile)

Dated: July 28, 2005

## CERTIFICATE OF SERVICE

I, John T. Harding, counsel for Centennial Insurance Company, hereby certify that on July 28, 2005, I served a copy of the foregoing document by federal express on all counsel of record.

John T. Harding

1154305v1

**EXHIBIT A**

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - (CONTRACT) -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.  05-01151

*MASTER*
*FILE -*
*9580 602)*

Invensys Systems, Inc.
........................................................., *Plaintiff(s)*

**v.**

Centennial Insurance Company
........................................................., *Defendant(s)*

Klaus G. Dorfi, CEO
Centennial Insurance Company
140 Broadway, New York, NY 10005 **SUMMONS**

To the above-named Defendant:

Robert J. Gilbert

You are hereby summoned and required to serve upon ........................................................

Gilbert & Renton LLC

plaintiff's attorney, whose address is  23 Main St., Andover, MA 01810  an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action. **BARBARA J. ROUSE, Esquire**

WITNESS, ~~SUZANNE V. DELVECCHIO, *Esquire*~~, at  Andover, MA  the  1st ............

day of ........July........................, in the year of our Lord two thousand and ....five............................

*Walter F. Dimilty* Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05 01151 | T    l Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

| PLAINTIFF(S) Invensys Systems, Inc. | DEFENDANT(S) Centennial Insurance Company |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Robert J. Gilbert, Esq.   (978) 475-7580 Gilbert & Renton LLC 23 Main St., Andover , MA 01810 Board of Bar Overseers number:   565466 | ATTORNEY (if known) COPY |
|---|---|

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Contract-Other | ( F ) | (x ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............................................................... $
   2. Total Doctor expenses ................................................................ $
   3. Total chiropractic expenses .......................................................... $
   4. Total physical therapy expenses ...................................................... $
   Total other expenses (describe) ......................................................... $
                                                                          Subtotal $

B. Documented lost wages and compensation to date ........................................... $
C. Documented property damages to date .................................................... $
D. Reasonably anticipated future medical and hospital expenses ............................... $
E. Reasonably anticipated lost wages ..................................................... $
F. Other documented items of damages (describe)

                                                                          $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                          $
                                                                   TOTAL $

### CONTRACT CLAIMS

(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiff seeks excess insurance coverage from defendant for approximately $2.1 million or more in unreimbursed defense costs, damages and interest incurred in connection with a federal environmental lawsuit. The underlying primary insurer has exhausted its policy limits, leaving the balance to be indemnified under defendant's $5 million excess policy.                    Approximately
                                                                   TOTAL $. 2.1 million
                                                                          or more

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT     No pending related actions.

"I h    by certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                                    DATE: 6/30/05

FC-6 mtc005-11/99



COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                        SUPERIOR COURT DEPARTMENT

* * * * * * * * * * * * * * * * * * * * * * * *          **05  01151**

INVENSYS SYSTEMS, INC.,                      *
         Plaintiff,                              *
                                            *          CIVIL ACTION NO. _____
     v.                                                     *
                                            *
CENTENNIAL INSURANCE                        *
COMPANY,                                              *
         Defendant.                             *
* * * * * * * * * * * * * * * * * * * * * * * *

### COMPLAINT FOR DECLARATORY RELIEF
### AND DAMAGES; DEMAND FOR JURY TRIAL

## A. **INTRODUCTION**

1.      Plaintiff Invensys Systems, Inc., formerly known as The Foxboro Company

("Invensys") brings this action for a declaration of rights and award of benefits under a

commercial umbrella insurance policy issued by its insurer, Defendant Centennial Insurance

Company ("Centennial").

2.      Centennial has wrongfully refused to reimburse Invensys for the balance of the

defense and indemnity costs incurred in connection with a 1990 lawsuit -- One Wheeler Road

Associates, et al. v. The Foxboro Company, No. 90-12873k (D. Mass.) -- alleging liability for

contamination at the former Trans-Sonics site in Burlington, Massachusetts (the "Wheeler Road

Lawsuit"). Centennial has breached its duties under a commercial umbrella insurance policy,

causing Invensys to incur more than $1.5 million in unreimbursed defense and indemnity past

and anticipated future defense costs, cleanup costs and damages to date (as well nearly $600,000

in accrued interest).

## B. **PARTIES**

3.      The plaintiff, Invensys Systems, Inc., is a corporation organized under the laws of the Commonwealth of Massachusetts and maintains its principal place of business in Foxboro, Massachusetts.

4.      The defendant, Centennial Insurance Company, is a corporation organized under the laws of New York, with its principal place of business at the Atlantic Mutual Companies, 140 Broadway, 34th Floor, New York, NY 10005-1101.

## C. **JURISDICTION AND VENUE**

5.      This Court has jurisdiction over the parties and claims in this declaratory judgment action including under Mass. Gen. L. c. 223A, § 3 and c. 231A, § 1, because Centennial has transacted business and insured risks in the Commonwealth. This Court is the appropriate venue for this declaratory judgment action pursuant to Mass. Gen. L. c. 223, § 8, because Invensys has a usual place of business in this Norfolk County.

## D. **FACTS**

### The Insurance Policy

6.      Centennial provided liability insurance coverage to Invensys's predecessor-in-interest (Trans-Sonics, Inc.) under Policy No. 42-00 76 30 (the "Policy"), a three-year commercial umbrella policy, for the period January 1, 1972-1975. See Exh. No. 1.

7.      The Policy provided limits of liability for property damage of $2,000,000 per year, excess of $100,000 in primary coverage. On June 16, 1972, these limits increased to $5,000,000. See Exh. No. 1.

2

8. The Policy did not include any form of pollution exclusion. At the time the policy was issued, Centennial had not yet received approval from the Insurance Commissioner for the State of New York to issue a form policy jacket containing any form of pollution exclusion. Moreover, the numbered endorsements to the Policy did not include any form of pollution exclusion. See Exh. No. 1.

9. Invensys's predecessor (Trans-Sonics) paid all premiums due under the Policy, and the Policy was in full force and effect during the entire policy period.

10. Invensys has satisfied all conditions set forth in the Policy.

11. The Policy contains language requiring Centennial to indemnify the policyholder, up to the stated limits of liability of each respective policy, against liability incurred because of property damage of the type covered by the Policy.

12. The Policy contains language requiring Centennial to defend the policyholder against potentially covered suits "even if such suit is groundless, false or fraudulent."

13. Centennial's duty to defend includes the obligation to pay covered defense costs.

14. Payment of defense costs by Centennial does not deplete or otherwise count against the Policy's limits of liability.

15. None of the Policy's applicable limits of liability has been exhausted, either by payment of judgments or settlements or otherwise.

16. Liberty Mutual Insurance Company provided primary insurance coverage to Invensys's predecessor (Trans-Sonics). The Liberty Mutual policy was directly below the Centennial umbrella policy. Liberty Mutual, by means of a confidential settlement agreement, has completely exhausted the primary limits of liability beneath the Centennial umbrella policy.

3

17.     The Centennial umbrella insurance policy provides that in the event of exhaustion of the primary limits of coverage, Centennial "shall be obligated to assume charge of the settlement or defense of any claim or proceeding against the insured resulting from the same occurrence."

18.     Notwithstanding this clear obligation to defend and indemnify Invensys upon the exhaustion of the Liberty Mutual primary policy, Centennial has refused to do so. By letter bearing the date of July 12, 2001, and received by Invensys several days later, Centennial denied any obligation to reimburse Invensys for the balance of its defense and indemnity costs and damages incurred in connection with the Wheeler Road Lawsuit.

19.     The defense and indemnity costs and damages incurred in Invensys's defense have been reasonable.

20.     Invensys has been damaged by Centennial's arbitrary and unjustifiable failure to reimburse Invensys under the Policy.

21.     Centennial has engaged in unfair and deceptive practices by its failure to pay Invensys's defense and indemnity costs despite a clear obligation to do so under the Policy.

## COUNT I
### (Breach of Contract -- Failure to Defend)

22. Invensys herein repeats the allegations set forth above.

23. With respect to the Wheeler Road Lawsuit, Centennial had and continues to have a duty to defend Invensys under the Policy but has failed to do so, and therefore has breached this contract of insurance.

24. As a result of this breach, Invensys has incurred, and will continue to incur, substantial damages.

4

WHEREFORE, Invensys requests judgment for its damages incurred in connection with Centennial's failure to defend Invensys, including defense costs, damages (including without limitation cleanup costs, settlement costs and other damages, even if all such damages exceed Centennial's policy limits), interest, attorney's fees and costs in bringing this action, and all other forms of damages.

## COUNT II
### (Breach of Contract -- Failure to Indemnify)

25. Invensys herein repeats the allegations set forth above.

26. Centennial had and continues to have a duty to indemnify Invensys under the Policy but has failed to do so, and therefore has breached this contract of the insurance.

27. As a result of this breach, Invensys has incurred (and will continue to incur) substantial damages.

WHEREFORE, Invensys requests judgment for damages incurred by Invensys in connection with Centennial's failure to indemnify Invensys, including without limitation cleanup costs, settlement costs and other damages (even if all such damages exceed Centennial's policy limits), interest, attorney's fees and costs incurred in bringing this action, and all other forms of damages.

## COUNT III
### (Declaratory Relief -- Duty to Defend)

28. Invensys herein repeats the allegations set forth above.

29. Centennial had and continues to have a duty to defend Invensys against the Wheeler Road Lawsuit.

30. Centennial contends differently. An actual controversy exists among the parties.

5

31. A declaration of the parties' respective rights and obligations under the Policy is necessary and appropriate with respect to Centennial's duty to defend Invensys against the Wheeler Road Lawsuit.

WHEREFORE, Invensys requests a declaration that Centennial is required to provide a full and complete defense to Invensys with respect to the Wheeler Road Lawsuit.

## COUNT IV
### (Declaratory Relief -- Duty to Indemnify)

32. Invensys herein repeats the allegations set forth above.

33. Centennial has a duty to indemnify Invensys against the Wheeler Road Lawsuit.

34. Centennial contends differently. Therefore, an actual controversy exists between the parties.

35. A declaration of the parties' respective rights and duties under the Policy is necessary and appropriate with respect to Centennial's duty to indemnify Invensys against the Wheeler Road Lawsuit.

WHEREFORE, Invensys requests a declaration that Centennial is required to indemnify Invensys with respect to the Wheeler Road Lawsuit.

## COUNT V
### (Breach of the Duty of Good Faith and
### and Fair Dealing; Violation of Chapter 93A and Chapter 176D)

36. Invensys herein repeats the allegations set forth above.

37. In addition to repeatedly requesting defense and indemnity in connection with the Wheeler Road Lawsuit, Centennial was or should have been aware of, applicable facts and case law supporting Invensys's request for coverage under the Policy. Centennial still failed and continues to fail to defend and indemnify Invensys as required under the Policy.

6

38. Centennial failed to undertake an appropriate investigation of the facts and circumstances of the Wheeler Road Lawsuit, and as a result of this failure to investigate failed and continues to fail to defend and indemnify Invensys.

39. Centennial has forced Invensys to institute litigation to obtain defense and indemnity for the Wheeler Road Lawsuit.

40. At all relevant times, Centennial has been engaged in trade or commerce for profit through the business of selling policies of insurance and handling claims brought under such policies of insurance. Invensys has incurred substantial loss of money as the result of the unfair and deceptive acts and practices of Centennial as set forth in this complaint, which were conducted in violation of Mass. Gen. L. ch. 93A, § 11 and Mass. Gen. L. 176D, § 3.

41. Centennial's conduct, as described in this complaint, constitutes bad faith and unfair and deceptive insurance claims settlement practices, as defined in Mass. Gen. L. c. 93A, §§ 2 and 11 and Mass. Gen. L. c. 176D, § 3.

WHEREFORE, Invensys requests judgment pursuant to Mass. Gen. L. c. 93A, §§ 2 and 11 and Mass. Gen. L. c. 176D, § 3 for three times the full amount of damages incurred by Invensys because of Centennial's unfair insurance claims settlement practices. Invensys also seeks interest, costs, and its reasonable attorney's fees incurred in bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Invensys Systems, Inc. respectfully requests that this Court:

(A)     Enter judgment against Defendant Centennial Insurance Company and in favor of Plaintiff Invensys Systems, Inc. in an amount sufficient to cover all outstanding sums past due, now due and to come due under the Policy with respect to Centennial's duties to defend and indemnify Invensys against the Wheeler Road Lawsuit;

(B)     Enter judgment against Defendant Centennial Insurance Company and in favor of Plaintiff Invensys Systems, Inc., awarding Invensys its damages of every kind, its reasonable attorney's fees and costs, as well as pre-suit, prejudgment and post-judgment interest arising from the date of Centennial's wrongful conduct;

(C)     Enter a declaration against Defendant Centennial Insurance Company and in favor of Plaintiff Invensys Systems, Inc., establishing Centennial's respective duties to defend and indemnify Invensys with respect to the Wheeler Road Lawsuit;

(D)     Enter judgment against Defendant Centennial Insurance Company and in favor of Plaintiff Invensys Systems, Inc., pursuant to Mass. Gen. L. c. 93A, §§ 2 and 11, and Mass. Gen. L. c. 176D, §3 for three times the full amount of damages incurred by Invensys in connection with Centennial's unfair and deceptive insurance claims settlement practices; and

(E)     Enter judgment against Defendant Centennial Insurance Company and in favor of Plaintiff Invensys Systems, Inc., awarding Invensys such other and additional relief (legal, equitable or otherwise) as this Court deems just and proper.

8

## JURY DEMAND

Plaintiff Invensys Systems, Inc. demands a jury trial on all issues and counts so triable.

INVENSYS SYSTEMS, INC.,
By its attorney,

Robert J. Gilbert (BBO# 565466)
Edward J. Denn (BBO# 633030)
GILBERT & RENTON LLC
23 Main Street
Andover, MA 01810
Telephone: (978) 475-7580
Dated: June 29, 2005          Telecopy: (978) 475-1881

| 11 | 32 | C | C | 4 | | | | N | 1 | | | — | — | 471 | 20 | — | — | | | | 150 | | REG 9640-1 |

71 72 75 77 78
NP BK DE CO KR

5

40 PRO-RATA $ _____

GROSS LINE _____ % PML _____

REINS R 2301

AUTHORIZED BY _____ DATE 1/1/72 RETENTION _____ %

9850-
9850-
9850-
9850-

TREATY # 267 530

AL INSURANCE COMPANY

TREATY # _____ %

CIAL UMBRELLA DAILY REPORT

# REINS.

R 2249

BER 462-00 76 30

Trans-Sonics, Inc.
P. O. Box 326
Lexington, Massachusetts 02173

INDIVIDUAL
PARTNERSH
CORPORATI
JOINT VENT

(NUMBER, & STREET, TOWN, COUNTY & STATE)

2. Policy Period: 12.01 A.M. standard time, at the address shown above. From: 1/1/72   To: 1/1/75
   Agent or Broker   Truman Hayes & Company
   Office Address   30 Federal Street
   Town and State   Boston, Massachusetts

RENEWAL OR OF POLICY
NEW

CENTRAL FILES

3. Limit of Liability: The limit of the company's liability shall be as stated herein, subject to all the terms of this policy having reference thereto.

(a) Policy Limit $ 2,000,000   Per Occurrence
(b) Aggregate Limit $ 2,000,000   Where Applicable
(c) Retained Limit $ 10,000   Per Occurrence

MAR 13 '72

4. Premium:   Three year term prepaid $ 1,500.00
   Three year term installment basis: on inception date $ 500.00   on each anniversary $ 500.00
   Minimum retained premium $ 150.00

5. Form numbers of endorsements attached to policy at inception:   G1690A; 05303

## SCHEDULE A OF UNDERLYING INSURANCE

| TYPE OF POLICY | CARRIER, POLICY NUMBER and POLICY PERIOD | APPLICABLE LIMITS |
|---|---|---|
| | | **Personal** Injury Liabili |
| (a) Comprehensive General Liability | Liberty Mutual Insurance Company<br>LG1-112-067402-061<br>1/1/72 to 1/1/73 | $ 100 ,000 each person<br>$ 300 ,000 each **occurrence**<br>$ 300 ,000 aggregate products |
| | | **Property Damage Liability**<br>$ 50 ,000 each **occurrence**<br>$ 50 ,000 aggregate operations, pro products and contractual, |
| (b) Comprehensive Automobile Liability<br>Owned, Non-Owned and Hired Vehicles | Lumbermens Insurance<br>2M0443483<br>1/1/72 to 1/1/73 | **Bodily Injury Liability**<br>$ 100 ,000 each person<br>$ 300 ,000 each **accident**<br>**Property Damage Liability**<br>$ 50 ,000 each **accident** |
| (c) Employers' Liability | Liberty Mutual Insurance Company<br>WC1-112-067402-011<br>1/1/72 to 1/1/73 | $ 100 ,000 each accident |

bjn EWL 3/9/72

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

*Effective* **1/1/72** , this endorsement forms a part of Policy No. **462 00 76 30**

*(At the time stated in the policy)*
*issued to* **Trans-Sonics, Inc.**

*by* **Centennial** Insurance Company.

**ENDORSEME #1**

*(The information provided for above is required to be completed only when this endorsement is issued for attachment to the policy subsequent to its effective date.)*

### AIRCRAFT PRODUCTS EXCLUSION ENDORSEMENT

In consideration of the premium charged it is agreed that such coverage as is afforded by this policy for the "Products Hazard" as defined does not ap; with respect to "aircraft products".

For the purposes of this endorsement, "Aircraft Products" shall mean aircr; missiles, and spacecraft and all component products used in aircraft, miss: and spacecraft manufactured, sold, handled or distributed by the insured a: shall also include ground support or control equipment and tools, spare pa: training aids, instruction manuals, blueprints, egineering or other data, engineering or other advice, and services and labor relating to such aircr: or articles.

CENTRAL FILES

MAR 13 72

All other terms and conditions of this insurance remain unchanged.

*President*

*Authorized Representative*

61690A

| (2) | 1 | 2 | (3) | 3 | (7) | (3) | 4 | 2 | (1) | 2 | (3) | (3) | (5) | (5) | (7) | (7) | (5) | (6) |
|-----|---|---|-----|---|-----|-----|---|---|-----|---|-----|-----|-----|-----|-----|-----|-----|-----|
| 11  | C | 02 | 471 | | | | | | | | | | 9 | 6 | 4 | 0 | - | 1 |

Effective  4/1/72          , this endorsement forms a part of Policy No.  462 00 76 30

*(At the time stated in the policy)*
issued to   Trans-Sonics, Inc.

by   Centennial          Insurance Company.          **ENDORSEMENT**

*(The information provided for above is required to be completed only when this*          **#2**
*endorsement is issued for attachment to the policy subsequent to its effective date.)*

The Aggregate limit under the underlying property damage policy

is increased from 50,000 to 100,000.

CENTRAL FILES
v.w.
MAR 30 '72

All other terms and conditions of this

01690A (12/71)

| OFFICE | | COMP TYPE | LIFE | TRANS- AC- TION | STATE | TIER | TAX TOWN | TAX COUN | TIER KEYD | PROCE MOBE | SUR KA | RATE | IDENTIFICATION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ① | 1 | 2 | ③ | 2 | ① | ③ | 4 | 2 | ① | 2 | ① | ③ | 55 56 57 58 59 60 ① ① ① ① ① ① |

| 11 | C | 02 | 471 | | | | | | | | | 9 | 5 | 4 | 0 | - | 1 |

Effective **June 16, 1972**          . this endorsement forms a part of Policy No.  **462 00 76 30**

*(At the time stated in the policy)*
issued to   **Trans-Sonics, Inc.**

by   **Centennial**              Insurance Company.

*(The information provided for above is required to be completed only when this
endorsement is issued for attachment to the policy subsequent to its effective date.)*

ENDORSEMENT
$2

In consideration of the additional premium of $750.00 it is hereby

understood and agreed that the policy limit is increased to

$5,000,000.

Effect per below

CENTRAL FILES
JUL 17 '72

Truman Hayes
bju RPH 7/13/

All other terms and conditions of this insurance remain unchanged.

*Harold A. Eckman*

11 c J2 471 | | | | | | 9 6 4 0 - 1 | | | | | |

*Effective*  6/16/72                    , *this endorsement forms a part of Policy No.*    462 00 76 30

*(At the time stated in the policy)*

*issued to*   Trans-Sonics, Inc.

*by*    Centennial         *Insurance Company.*

CORRECTED
ENDORSEMEN
#3

*(The information provided for above is required to be completed only when this
endorsement is issued for attachment to the policy subsequent to its effective date.)*

In consideration of the additional premium of $636.00 payable as shown
below, it is hereby understood and agreed that the policy limit is
increased to $5,000,000.

Additional Premium Payable:

| | |
|---|---|
| $136.00 | 6/16/72 |
| $250.00 | 1/1/73 |
| $250.00 | 1/1/74 |

CENTRAL FILES

JUL 17 '72

Tr_____ Haye
bjn 2PH 7/1

All other terms and conditions of this insurance remain unchanged.

*Harold A. Eckman*

G1690A (12/71) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . President

*Authorized Representative*

|  2  |  3  |  4  |  9 6 4 0 - 1 |
| 11 C 02 471 | | | |

*Effective*  6/16/72                          , this endorsement forms a part of Policy No. 462 00 76 30
(*At the time stated in the policy*)
*issued to*   Trans-Sonics, Inc.

CORRECTED
ENDORSEMENT
#3

*by*   Centennial          Insurance Company.
(*The information provided for above is required to be completed only when this
endorsement is issued for attachment to the policy subsequent to its effective date.*)

In consideration of the additional premium of $1,909.00 payable

as shown below, it is understood and agreed that the policy

limit is increased to $5,000,000.


Additional Premium Payable:

$409.00                    6/16/72
$750.00                    1/1/73
$750.00                    1/1/74


CENTRAL FILES

AUG 07 '72


All other terms and conditions of this insurance remain unchanged.

Truman Hayes &
bjn RPH 8/3/72

Harold A. Eckman
President                              *Authorized Representation*

RECEIVED FROM:

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Invensys Systems, Inc.

(b) County of Residence of First Listed Plaintiff **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert L. Gilbert, Esq.
Gilbert & Renton LLC, 23 Main St.,
Andover, MA 01810 978-475-7580

## DEFENDANTS

Centennial Ins. Co.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
John T. Harding, Esq.
Morrison Mahoney LLP, 250 Summer St.,
Boston, MA  02210 617-439-7500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

05-11589 WGY

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1441(a) (Diversity)
Brief description of cause:
Declaratory Judgment Action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1.5 million    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____ DOCKET NUMBER _____

DATE 7/28/05

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Invensys Systems, Inc. v._
_Centennial Ins. Co._

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☒ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,   **05-11589 WGY**
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES ☐        NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                        YES ☐        NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES ☐        NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES ☐        NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                        YES ☒        NO ☐

   A.    If yes, in which division do all of the non-governmental parties reside?

         Eastern Division ☒        Central Division ☐        Western Division ☐

   B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

         Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                        YES ☐        NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   _John T. Harding, Esq._
ADDRESS _____   _Morrison Mahoney LLP, 250 Summer Street, Boston, MA   02210_
TELEPHONE NO. ___   _617-439-7558_

(CategoryForm.wpd  - 5/2/05)