UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INVENSYS SYSTEMS, INC. | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: 1:05-cv-11589- |
| v. | ) | WGY |
| | ) | |
| CENTENNIAL INSURANCE COMPANY, | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF FILING OF STATE COURT RECORD

Pursuant to Local District Court Rule 81.1, defendant Centennial Insurance Company

("Centennial") hereby files with this Court the attached certified copy of all docket entries and

proceedings in the action styled as Invensys Systems, Inc. v. Centennial Insurance Company,

Commonwealth of Massachusetts, Norfolk Superior court, Civil Action No. 2005-01151.

CENTENNIAL INSURANCE CO.

By its attorneys,

/s/ John T. Harding

_____
Michael F. Aylward BBO #024850
John T. Harding BBO #221270
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7558
(617) 342-4888 (facsimile)

Dated: August 8, 2005

1155992v1

**Commonwealth of Massachusetts**
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

# NOCV2005-01151
## Invensys Systems Inc v Centennial Insurance Company

| | | | | | |
|---|---|---|---|---|---|
| File Date | 07/01/2005 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 08/02/2005 | Session | B - Civil B-CtRm 3 | | |
| Origin | 1 | Case Type | A99 - Misc contract | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 09/29/2005 | Answer | 11/28/2005 | Rule12/19/20 | 11/28/2005 |
| Rule 15 | 11/28/2005 | Discovery | 04/27/2006 | Rule 56 | 05/27/2006 |
| Final PTC | 06/26/2006 | Disposition | 08/25/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Invensys Systems Inc
Active 07/01/2005

**Private Counsel 565466**
Robert J Gilbert
Gilbert & Renton
23 Main Street
Andover, MA 01810
Phone: 978-475-7580
Fax: 978-475-1881
Active 07/01/2005 Notify

**Defendant**
Centennial Insurance Company
Served: 07/07/2005
Served (answr pending) 07/22/2005

**Private Counsel 221270**
John T Harding
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1118
Phone: 617-439-7558
Fax: 617-439-4888
Active 07/29/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/01/2005 | 1.0 | Complaint & jury claim filed $275.00 entry fee paid |
| 07/01/2005 | | Origin 1, Type A99, Track F. |
| 07/01/2005 | 2.0 | Civil action cover sheet filed |
| 07/01/2005 | | fast track notice sent to plffs attorney |
| 07/22/2005 | 3.0 | SERVICE RETURNED: by certified mail to Centennial Insurance Company(Defendant)-original green card return receipt attached-served on 7/7/05  ns |
| 07/29/2005 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 08/02/2005 | 4.0 | Notice for Removal to the United States District Court filed by Centennial Insurance Company |
| 08/02/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

A TRUE COPY
Attst: _Mary E. Kearney_
Deputy Assistant Clerk
8/2/05

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

*4.0*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*5-1151*

# 05 11589 WGY

| | |
|---|---|
| INVENSYS SYSTEMS, INC.<br>Plaintiff,<br><br>v.<br><br>CENTENNIAL INSURANCE COMPANY,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL

I hereby certify that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on _____
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By:_____
Deputy Clerk

## DEFENDANT CENTENNIAL INSURANCE COMPANY'S
## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Pursuant to the provisions of 28 U.S.C. §1332(a)(1), 1441(a) and 1446(b), Defendant

Centennial Insurance Company ("Centennial") hereby gives notice of its removal of this action

to the United States District Court for the District of Massachusetts from the Superior Court of

Massachusetts, in and for Norfolk County, and in support thereof would respectfully show as

follows:

1.    Centennial is a defendant in a civil action brought in the Superior Court of the

Commonwealth of Massachusetts, in and for Norfolk County, styled as *Invensys Systems, Inc. v.*

*Centennial Insurance Company*, Civil Action No. 05-01151 (the "*Invensys* Action").

2.    Centennial was served with a copy of the Summons and Complaint in the

*Invensys* Action after July 1, 2005.  A true copy of the Summons and Complaint in the *Invensys*

Action, as served on Centennial, is attached to this Notice of Removal as Exhibit A.

Centennial's Notice of Removal is filed within thirty (30) days after the receipt by Centennial of

a copy of the initial pleading setting forth the claim for relief upon which such action or

proceeding is based, as required by 28 U.S.C. §1446(b).

1154305v1

3.      The *Invensys* Action is a suit of a wholly civil nature brought in the Superior Court of the Commonwealth of Massachusetts, in and for Norfolk County. The United States District Court for the District of Massachusetts is therefore the proper forum and venue to which this action may be removed under the provisions of 28 U.S.C. §§101 and 1441(a).

4.      This Court has original jurisdiction to entertain this action because the only parties to this case are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§1332(a)(1), 1441(a). In particular, on its face the Complaint in the *Invensys* Action alleges damages in an amount exceeding $2.1 million. Removal of this action is not prohibited by 28 U.S.C. §1445.

5.      With respect to diversity of citizenship, Plaintiff Invensys Systems, Inc., formerly known as The Foxboro Company, is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Foxboro, Massachusetts.

6.      Defendant Centennial Insurance Company is a corporation organized under the laws of the State of New York with its principal place of business in New York, New York.

7.      Pursuant to 28 U.S.C. §1446(d), Centennial has filed a notice of the filing of this Notice of Removal (including a copy thereof) with the Clerk of the Superior Court of the Commonwealth of Massachusetts, in and for Norfolk County.

8.      Pursuant to 28 U.S.C. §1447(d) and Local Rule 81.1, Centennial has requested that the Clerk of the Superior Court of the Commonwealth of Massachusetts, in and for Norfolk County, provide certified or attested copies of all records and proceedings in the *Invensys* Action and certified or attested copes of all docket entries thereon. Centennial will cause such attested or certified copies of the state court record to be filed with this Court within thirty (30) days hereof as required by Local Rule 81.1.

9.    Counsel for Centennial is duly admitted to practice before this Court and signs this Notice of Removal in accordance with the requirements of Fed.R.Civ.P. 11.

**WHEREFORE**, Centennial respectfully requests that the above-referenced action now pending in the Superior Court of the Commonwealth of Massachusetts, in and for Norfolk County, be removed from that Court to the United States District Court for the District of Massachusetts.

CENTENNIAL INSURANCE CO.

By its attorneys,

Michel F. Aylward BBO #024850
John T. Harding BBO #221270
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210
(617) 439-7558
(617) 342-4888 (facsimile)

Dated: July 28, 2005

## CERTIFICATE OF SERVICE

I, John T. Harding, counsel for Centennial Insurance Company, hereby certify that on July 28, 2005, I served a copy of the foregoing document by federal express on all counsel of record.

John T. Harding

**A TRUE COPY**
Attest: Mary E. Kenney
Deputy Assistant Clerk
8/3/05

**EXHIBIT A**

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - (CONTRACT) -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 05-01151

*MASTER FILE - 9580 6021*

Invensys Systems, Inc. ......................, *Plaintiff(s)*

**v.**

Centennial Insurance Company ......................, *Defendant(s)*

Klaus G. Dorfi, CEO
Centennial Insurance Company
140 Broadway, New York, NY 10005 **SUMMONS**

To the above-named Defendant:

Robert J. Gilbert

Gilbert & Renton LLC

You are hereby summoned and required to serve upon ......................,
plaintiff's attorney, whose address is 23 Main St., Andover, MA 01810, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

BARBARA J. ROUSE, Esquire

WITNESS, ~~SUZANNE V. DELVECCHIO, Esquire,~~ at Andover, MA the 1st

day of July ......................, in the year of our Lord two thousand and five ......................

Walter F. Dimitty     Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05 01151 | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

| PLAINTIFF(S) Invensys Systems, Inc. | DEFENDANT(S) Centennial Insurance Company |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Robert J. Gilbert, Esq.    (978) 475-7580 Gilbert & Renton LLC 23 Main St., Andover , MA 01810 Board of Bar Overseers number:    565466 | ATTORNEY (if known)  COPY |

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)    TRACK        IS THIS A JURY CASE?

A99            Contract-Other        ( F )        (x ) Yes        ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1.    Total hospital expenses .................................................... $ .............
2.    Total Doctor expenses ..................................................... $ .............
3.    Total chiropractic expenses ............................................. $ .............
4.    Total physical therapy expenses ....................................... $ .............
     Total other expenses (describe) ........................................ $ .............
                                                            Subtotal $ .............
Documented lost wages and compensation to date ......................... $ .............
Documented property damages to date ..................................... $ .............
Reasonably anticipated future medical and hospital expenses ............ $ .............
Reasonably anticipated lost wages ....................................... $ .............
Other documented items of damages (describe)

                                                            $ .............

Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                            $ .............
                                                    TOTAL $ .............

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiff seeks excess insurance coverage from defendant for approximately $2.1 million or more in unreimbursed defense costs, damages and interest incurred in connection with a federal environmental lawsuit. The underlying primary insurer has exhausted its policy limits, leaving the balance to be indemnified under    Approximately defendant's $5 million excess policy.                        TOTAL $. 2.1 million.
                                                            or more

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    No pending related actions.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature]                        DATE: 6/30/05

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                    SUPERIOR COURT DEPARTMENT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*          05  01151
INVENSYS SYSTEMS, INC.,                    \*
        Plaintiff,                    \*
                          \*          CIVIL ACTION NO. _____
     v.                    \*
                          \*
CENTENNIAL INSURANCE                       \*
COMPANY,                                   \*
        Defendant.                    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES; DEMAND FOR JURY TRIAL**

**A. INTRODUCTION**

    1.    Plaintiff Invensys Systems, Inc., formerly known as The Foxboro Company ("Invensys") brings this action for a declaration of rights and award of benefits under a commercial umbrella insurance policy issued by its insurer, Defendant Centennial Insurance Company ("Centennial").

    2.    Centennial has wrongfully refused to reimburse Invensys for the balance of the defense and indemnity costs incurred in connection with a 1990 lawsuit -- <u>One Wheeler Road Associates, et al.</u> v. <u>The Foxboro Company</u>, No. 90-12873k (D. Mass.) -- alleging liability for contamination at the former Trans-Sonics site in Burlington, Massachusetts (the "Wheeler Road Lawsuit"). Centennial has breached its duties under a commercial umbrella insurance policy, causing Invensys to incur more than $1.5 million in unreimbursed defense and indemnity past and anticipated future defense costs, cleanup costs and damages to date (as well nearly $600,000 in accrued interest).

## B.  PARTIES

3.     The plaintiff, Invensys Systems, Inc., is a corporation organized under the laws of

the Commonwealth of Massachusetts and maintains its principal place of business in Foxboro,

Massachusetts.

4.     The defendant, Centennial Insurance Company, is a corporation organized under

the laws of New York, with its principal place of business at the Atlantic Mutual Companies, 140

Broadway, 34th Floor, New York, NY 10005-1101.

## C. JURISDICTION AND VENUE

5.     This Court has jurisdiction over the parties and claims in this declaratory

judgment action including under Mass. Gen. L. c. 223A, § 3 and c. 231A, § 1, because

Centennial has transacted business and insured risks in the Commonwealth.  This Court is the

appropriate venue for this declaratory judgment action pursuant to Mass. Gen. L. c. 223, § 8,

because Invensys has a usual place of business in this Norfolk County.

## D.  FACTS

### The Insurance Policy

6.     Centennial provided liability insurance coverage to Invensys's predecessor-in-

interest (Trans-Sonics, Inc.) under Policy No. 42-00 76 30 (the "Policy"), a three-year

commercial umbrella policy, for the period January 1, 1972-1975.  See Exh. No. 1.

7.     The Policy provided limits of liability for property damage of $2,000,000 per year,

excess of $100,000 in primary coverage.  On June 16, 1972, these limits increased to $5,000,000.

See Exh. No. 1.

8.     The Policy did not include any form of pollution exclusion.  At the time the policy was issued, Centennial had not yet received approval from the Insurance Commissioner for the State of New York to issue a form policy jacket containing any form of pollution exclusion. Moreover, the numbered endorsements to the Policy did not include any form of pollution exclusion. See Exh. No. 1.

9.     Invensys's predecessor (Trans-Sonics) paid all premiums due under the Policy, and the Policy was in full force and effect during the entire policy period.

10.    Invensys has satisfied all conditions set forth in the Policy.

11.    The Policy contains language requiring Centennial to indemnify the policyholder, up to the stated limits of liability of each respective policy, against liability incurred because of property damage of the type covered by the Policy.

12.    The Policy contains language requiring Centennial to defend the policyholder against potentially covered suits "even if such suit is groundless, false or fraudulent."

13.    Centennial's duty to defend includes the obligation to pay covered defense costs.

14.    Payment of defense costs by Centennial does not deplete or otherwise count against the Policy's limits of liability.

15.    None of the Policy's applicable limits of liability has been exhausted, either by payment of judgments or settlements or otherwise.

16.    Liberty Mutual Insurance Company provided primary insurance coverage to Invensys's predecessor (Trans-Sonics).  The Liberty Mutual policy was directly below the Centennial umbrella policy.  Liberty Mutual, by means of a confidential settlement agreement, has completely exhausted the primary limits of liability beneath the Centennial umbrella policy.

17.    The Centennial umbrella insurance policy provides that in the event of exhaustion of the primary limits of coverage, Centennial "shall be obligated to assume charge of the settlement or defense of any claim or proceeding against the insured resulting from the same occurrence."

18.    Notwithstanding this clear obligation to defend and indemnify Invensys upon the exhaustion of the Liberty Mutual primary policy, Centennial has refused to do so. By letter bearing the date of July 12, 2001, and received by Invensys several days later, Centennial denied any obligation to reimburse Invensys for the balance of its defense and indemnity costs and damages incurred in connection with the Wheeler Road Lawsuit.

19.    The defense and indemnity costs and damages incurred in Invensys's defense have been reasonable.

20.    Invensys has been damaged by Centennial's arbitrary and unjustifiable failure to reimburse Invensys under the Policy.

21.    Centennial has engaged in unfair and deceptive practices by its failure to pay Invensys's defense and indemnity costs despite a clear obligation to do so under the Policy.

## COUNT I
### (Breach of Contract -- Failure to Defend)

22.    Invensys herein repeats the allegations set forth above.

23.    With respect to the Wheeler Road Lawsuit, Centennial had and continues to have a duty to defend Invensys under the Policy but has failed to do so, and therefore has breached this contract of insurance.

24.    As a result of this breach, Invensys has incurred, and will continue to incur, substantial damages.

4

WHEREFORE, Invensys requests judgment for its damages incurred in connection with Centennial's failure to defend Invensys, including defense costs, damages (including without limitation cleanup costs, settlement costs and other damages, even if all such damages exceed Centennial's policy limits), interest, attorney's fees and costs in bringing this action, and all other forms of damages.

## COUNT II
### (Breach of Contract -- Failure to Indemnify)

25.  Invensys herein repeats the allegations set forth above.

26.  Centennial had and continues to have a duty to indemnify Invensys under the Policy but has failed to do so, and therefore has breached this contract of the insurance.

27.  As a result of this breach, Invensys has incurred (and will continue to incur) substantial damages.

WHEREFORE, Invensys requests judgment for damages incurred by Invensys in connection with Centennial's failure to indemnify Invensys, including without limitation cleanup costs, settlement costs and other damages (even if all such damages exceed Centennial's policy limits), interest, attorney's fees and costs incurred in bringing this action, and all other forms of damages.

## COUNT III
### (Declaratory Relief -- Duty to Defend)

28.  Invensys herein repeats the allegations set forth above.

29.  Centennial had and continues to have a duty to defend Invensys against the Wheeler Road Lawsuit.

30.  Centennial contends differently.  An actual controversy exists among the parties.

31. A declaration of the parties' respective rights and obligations under the Policy is necessary and appropriate with respect to Centennial's duty to defend Invensys against the Wheeler Road Lawsuit.

WHEREFORE, Invensys requests a declaration that Centennial is required to provide a full and complete defense to Invensys with respect to the Wheeler Road Lawsuit.

## COUNT IV
### (Declaratory Relief -- Duty to Indemnify)

32. Invensys herein repeats the allegations set forth above.

33. Centennial has a duty to indemnify Invensys against the Wheeler Road Lawsuit.

34. Centennial contends differently. Therefore, an actual controversy exists between the parties.

35. A declaration of the parties' respective rights and duties under the Policy is necessary and appropriate with respect to Centennial's duty to indemnify Invensys against the Wheeler Road Lawsuit.

WHEREFORE, Invensys requests a declaration that Centennial is required to indemnify Invensys with respect to the Wheeler Road Lawsuit.

## COUNT V
### (Breach of the Duty of Good Faith and and Fair Dealing; Violation of Chapter 93A and Chapter 176D)

36. Invensys herein repeats the allegations set forth above.

37. In addition to repeatedly requesting defense and indemnity in connection with the Wheeler Road Lawsuit, Centennial was or should have been aware of, applicable facts and case law supporting Invensys's request for coverage under the Policy. Centennial still failed and continues to fail to defend and indemnify Invensys as required under the Policy.

6

38. Centennial failed to undertake an appropriate investigation of the facts and circumstances of the Wheeler Road Lawsuit, and as a result of this failure to investigate failed and continues to fail to defend and indemnify Invensys.

39. Centennial has forced Invensys to institute litigation to obtain defense and indemnity for the Wheeler Road Lawsuit.

40. At all relevant times, Centennial has been engaged in trade or commerce for profit through the business of selling policies of insurance and handling claims brought under such policies of insurance. Invensys has incurred substantial loss of money as the result of the unfair and deceptive acts and practices of Centennial as set forth in this complaint, which were conducted in violation of Mass. Gen. L. ch. 93A, § 11 and Mass. Gen. L. 176D, § 3.

41. Centennial's conduct, as described in this complaint, constitutes bad faith and unfair and deceptive insurance claims settlement practices, as defined in Mass. Gen. L. c. 93A, §§ 2 and 11 and Mass. Gen. L. c. 176D, § 3.

WHEREFORE, Invensys requests judgment pursuant to Mass. Gen. L. c. 93A, §§ 2 and 11 and Mass. Gen. L. c. 176D, § 3 for three times the full amount of damages incurred by Invensys because of Centennial's unfair insurance claims settlement practices. Invensys also seeks interest, costs, and its reasonable attorney's fees incurred in bringing this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Invensys Systems, Inc. respectfully requests that this Court:

(A)    Enter judgment against Defendant Centennial Insurance Company and in favor of Plaintiff Invensys Systems, Inc. in an amount sufficient to cover all outstanding sums past due, now due and to come due under the Policy with respect to Centennial's duties to defend and indemnify Invensys against the Wheeler Road Lawsuit;

(B)    Enter judgment against Defendant Centennial Insurance Company and in favor of Plaintiff Invensys Systems, Inc., awarding Invensys its damages of every kind, its reasonable attorney's fees and costs, as well as pre-suit, prejudgment and post-judgment interest arising from the date of Centennial's wrongful conduct;

(C)    Enter a declaration against Defendant Centennial Insurance Company and in favor of Plaintiff Invensys Systems, Inc., establishing Centennial's respective duties to defend and indemnify Invensys with respect to the Wheeler Road Lawsuit;

(D)    Enter judgment against Defendant Centennial Insurance Company and in favor of Plaintiff Invensys Systems, Inc., pursuant to Mass. Gen. L. c. 93A, §§ 2 and 11, and Mass. Gen. L. c. 176D, §3 for three times the full amount of damages incurred by Invensys in connection with Centennial's unfair and deceptive insurance claims settlement practices; and

(E)    Enter judgment against Defendant Centennial Insurance Company and in favor of Plaintiff Invensys Systems, Inc., awarding Invensys such other and additional relief (legal, equitable or otherwise) as this Court deems just and proper.

8

**JURY DEMAND**

Plaintiff Invensys Systems, Inc. demands a jury trial on all issues and counts so triable.

INVENSYS SYSTEMS, INC.,
By its attorney,

Robert J. Gilbert (BBO# 565466)
Edward J. Denn (BBO# 633030)
GILBERT & RENTON LLC
23 Main Street
Andover, MA 01810
Telephone: (978) 475-7580
Telecopy: (978) 475-1881

Dated: June 29, 2005

A TRUE COPY

Attest: _Mary E. Kinney_
Deputy Assistant Clerk
8/2/05

9

ATLANTIC MUTUAL CO.                                                        P.02

JUL 14 1999  12:43

| | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|
| 11 | 52 dc | C N | N 1 | 471 | 20 | | 150 | 9540-1 |

5

9850-
9850-
9850-

| 40 | PRO-RATA | $ | | GROSS LINE | | % PML | | |
|--|--|--|--|--|--|--|--|--|
| | REINS | | | | | | | |
| | R 2301 | AUTHORIZED BY | DATE 1/1/72 | RETENTION | | % | | |

TREATY # 2LT 53Q

TREATY #                    %

MAR 16 1972

**REINS.**

R 2369

...AL INSURANCE COMPANY

...CIAL UMBRELLA DAILY REPORT

...BER 462-00 76 30

Trans-Sonics, Inc.
P. O. Box 326
Lexington, Massachusetts 02173

(NUMBER & STREET, TOWN, COUNTY & STATE)

INDIVIDUAL
PARTNERSH
CORPORATI
JOINT VENT

2. Policy Period: 12.01 A.M. standard time, at the address shown above  From: 1/1/72  To: 1/1/75
MO. DAY YR.        MO. DAY YR.

RENEWAL OF
OF POLICY
NEW

Agent or Broker  Truman Hayes & Company
Office Address  30 Federal Street
Town and State  Boston, Massachusetts

CENTRAL FILES

3. Limit of Liability: The limit of the company's liability shall be as stated herein, subject to all the terms of this policy having reference thereto.

MAR 13 '72

| | (a) | Policy Limit | $ | 2,000,000 | Per Occurrence |
|--|--|--|--|--|--|
| | (b) | Aggregate Limit | $ | 2,000,000 | Where Applicable |
| | (c) | Retained Limit | $ | 10,000 | Per Occurrence |

4. Premium:  Three year term prepaid  $ 1,500.00
Three year term installment basis: on inception date  $ 500.00    on each anniversary  $ 500.00
Minimum retained premium  $ 150.00

5. Form numbers of endorsements attached to policy at inception:  C1690A; D5303

### SCHEDULE A OF UNDERLYING INSURANCE

| TYPE OF POLICY | CARRIER, POLICY NUMBER and POLICY PERIOD | | APPLICABLE LIMITS |
|--|--|--|--|
| | | | **Personal** Injury Liabili |
| (a) Comprehensive General Liability | Liberty Mutual Insurance Company LG1-112-067402-061 1/1/72 to 1/1/73 | $ 100 $ 300 $ 300 | ,000 each person ,000 each **occurrence** ,000 aggregate products |
| | | $ 50 $ 50 | Property Damage Liability ,000 each **occurrence** ,000 aggregate operations, pro products and contractual, |
| (b) Comprehensive Automobile Liability Owned, Non-Owned and Hired Vehicles | Lumbermens Insurance 2A0443483 1/1/72 to 1/1/73 | $ 100 $ 300 | Bodily Injury Liability ,000 each person ,000 each **accident** |
| | | $ 50 | Property Damage Liability ,000 each **accident** |
| (c) Employers' Liability | Liberty Mutual Insurance Company WC1-112-067402-011 1/1/72 to 1/1/73 | $ 100 | ,000 each accident |

bjn EWL 3/9/72

| | | | | OFFICE CODE | LINE | CLASSIFICATION | STATE | TERRITORY | TAX TOWN | | PREM. BASE | PREM. EXPOSURE | RATE | RATE | | | | | | | | | | IDENTIFICATION | | EXPOSURE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ① | 1 | ② | | ③ | ④ | ⑤ | 4 | ① | ② | | ③ | ④ | ⑤ | 53, 56, 57, 58, 59, 60 | | | | | | | ⑪ | | | | |
| | | | O2 | | | | | | | | | | | | | | | | | | | | | | |



*Effective* **1/1/72**                      , *this endorsement forms a part of Policy No.* **462 00 76 30**

(*At the time stated in the policy*)

*issued to* **Trans-Sonics, Inc.**

*by* **Centennial**              Insurance Company.                    ENDORSEME

(*The information provided for above is required to be completed only when this*     #1
*endorsement is issued for attachment to the policy subsequent to its effective date.*)

### AIRCRAFT PRODUCTS EXCLUSION ENDORSEMENT

In consideration of the premium charged it is agreed that such coverage as
is afforded by this policy for the "Products Hazard" as defined does not app
with respect to "aircraft products".

For the purposes of this endorsement, "Aircraft Products" shall mean aircra
missiles, and spacecraft and all component products used in aircraft, miss:
and spacecraft manufactured, sold, handled or distributed by the insured ar
shall also include ground support or control equipment and tools, spare par
training aids, instruction manuals, blueprints, egineering or other data,
engineering or other advice, and services and labor relating to such aircr
or articles.

CENTRAL FILES

MAR 13 '72

All other terms and conditions of this insurance remain unchanged.

*Harold A. Eckman*
President                                          *Authorized Representative*

G1690A

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | C | 02 | 471 | | | | | | | | | | | 9 | 6 | 4 | 0 - 1 | |

*Effective*  4/1/72                              , this endorsement forms a part of Policy No.  462 00 76 30

*(At the time stated in the policy)*

*issued to*  Trans-Sonics, Inc.

*by*  Centennial                  Insurance Company·                              ENDORSEMEN
                                                                                  #2

*(The information provided for above is required to be completed only when this endorsement is issued for attachment to the policy subsequent to its effective date.)*


The Aggregate limit under the underlying property damage policy

is increased from 50,000 to 100,000.


CENTRAL FILES

MAR 30 '72

All other terms and conditions of this

O1660A (12/71)

| OFFICE | C | CARRIER TYP | LINE | AC-TION | STATE | TERR | TOWN | TAX COUNT | TYPE OF REINS | PROCESS CODE | RATE | RATE | 55 | 56 | 57 | 58 | 59 | 60 | | ⊕ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | C | 02 | 471 | | | | | | | | | | 9 | 6 | 4 | 0 | - | 1 | | |

*Effective* **June 16, 1972** . *this endorsement forms a part of Policy No.* **462 00 76 30**

*(At the time stated in the policy)*
*issued to* **Trans-Sonics, Inc.**

*by* **Centennial** Insurance Company.

*(The information provided for above is required to be completed only when this endorsement is issued for attachment to the policy subsequent to its effective date.)*

In consideration of the additional premium of $750.00 it is hereby understood and agreed that the policy limit is increased to $5,000,000.

*Offset (see below)*

CENTRAL FILES
JUL 17 '72

Truman Hayes
bjn KPE 7/13/

All other terms and conditions of this insurance remain unchanged.

_____
President

- - - - - - - - - - - - - - - - -
*Authorized Representative*

G1690A (12/71)

11 C 02 471                                    9 6 4 0 - 1

Effective  6/16/72          , this endorsement forms a part of Policy No.   462 00 76 30

(At the time stated in the policy)

issued to  **Trans-Sonics, Inc.**

by  **Centennial**          Insurance Company.

(The information provided for above is required to be completed only when this
endorsement is issued for attachment to the policy subsequent to its effective date.)

CORRECTED
ENDORSEMEN
#3

In consideration of the additional premium of $636.00 payable as shown
below, it is hereby understood and agreed that the policy limit is
increased to $5,000,000.

Additional Premium Payable:

| | |
|---|---|
| $136.00 | 6/16/72 |
| $250.00 | 1/1/73 |
| $250.00 | 1/1/74 |

CENTRAL FILES
JUL 17 '72

Truman Haye
bjn 2PH 7/1

All other terms and conditions of this insurance remain unchanged.

_Harold A. Eckman_
President

G1660A (12/71)

Authorized Representative

Effective  6/16/72            , this endorsement forms a part of Policy No. 462 00 76 30
        (At the time stated in the policy)
issued to  **Trans-Sonics, Inc.**

    by  **Centennial**        Insurance Company.
        (The information provided for above is required to be completed only when this
        endorsement is issued for attachment to the policy subsequent to its effective date.)

**CORRECTED ENDORSEMENT #3**

In consideration of the additional premium of $1,909.00 payable
as shown below, it is understood and agreed that the policy
limit is increased to $5,000,000.

    Additional Premium Payable:

    $409.00              6/16/72
    $750.00              1/1/73
    $750.00              1/1/74

CENTRAL FILES
AUG 07 '72

All other terms and conditions of this insurance remain unchanged.

**Truman Hayes &
bjn RFH 8/3/72**

_Harold A. Eckmann_
President                          Authorized Representative

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05 01151 | Superior Court Department County: Norfolk |
|---|---|---|

**PLAINTIFF(S)** Invensys Systems, Inc.

**DEFENDANT(S)** Centennial Insurance Company

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Robert J. Gilbert, Esq.    (978) 475-7580
Gilbert & Renton LLC
23 Main St. , Andover , MA 01810
Board of Bar Overseers number:    565466

**ATTORNEY (if known)**

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. A99    TYPE OF ACTION (specify) Contract-Other    TRACK ( F )    IS THIS A JURY CASE? (x) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $
2. Total Doctor expenses ................................................. $
3. Total chiropractic expenses ............................................ $
4. Total physical therapy expenses ....................................... $
5. Total other expenses (describe) ....................................... $
   Subtotal $
B. Documented lost wages and compensation to date ....................... $
C. Documented property damages to date .................................. $
D. Reasonably anticipated future medical and hospital expenses ........... $
E. Reasonably anticipated lost wages .................................... $
F. Other documented items of damages (describe) $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

TOTAL $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiff seeks excess insurance coverage from defendant for approximately $2.1 million or more in unreimbursed defense costs, damages and interest incurred in connection with a federal environmental lawsuit. The underlying primary insurer has exhausted its policy limits, leaving the balance to be indemnified under defendant's $5 million excess policy.

TOTAL $ 2.1 million or more

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    No pending related actions.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record    A TRUE COPY    DATE: 6/30/05

Attest: Mary E. Kenney
Deputy Assistant Clerk
8/3/06

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
7/22/01

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                         SUPERIOR COURT DEPARTMENT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
THE FOXBORO COMPANY,                        \*
        Plaintiff,                              \*
                             \*
                             \*        CIVIL ACTION NO. 05-01151
        v.                                      \*
                             \*
CENTENNIAL INSURANCE                        \*
COMPANY,                                              \*
        Defendant.                          \*
                             \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### RETURN OF SERVICE

I, Robert J. Gilbert, Esq., do hereby depose and state as follows:

1.    I am of the age of majority, and I make this affidavit freely, voluntarily and based on my own firsthand personal knowledge.

2.    On July 1, 2005, I caused true copies of the Summons, Complaint and Civil Action Cover Sheet in this action to be mailed and delivered to the Defendant Centennial Insurance Company by both certified mail return receipt requested and express mail, in compliance with Mass. R. Civ. P. 4(e)(3) and Mass. Gen. L. c. 223A.  See Certified Letter with Receipt, **Exh. A**; Express Letter with Proof of Mailing, **Exh. B**.

3.    According to the Receipt and Proof of Mailing, the Summons, Complaint and Civil Action Cover Sheet were delivered to Defendant Centennial Insurance Company by express mail on July 2, 2005, and by certified mail on July 7, 2005 (as shown by the signed receipt).

Signed under the pains and penalties of perjury on July 14, 2005.

                                       _____
                                       Robert J. Gilbert

A TRUE COPY
Attest: _Mary C. Kenney_
Deputy Assistant Clerk
8/2/05

<u>Certificate of Service</u>

I, Robert J. Gilbert, caused a true and correct copy of the foregoing document to be served upon Defendant Centennial Insurance Company by first class mail on July 14, 2005.

Robert J. Gilbert



A

# GILBERT & RENTON LLC
### 23 Main Street
### Andover, Massachusetts 01810

⟩ert J. Gilbert, Esq.
⟩rey B. Renton, Esq.
⟩ard J. Denn, Esq.
⟩cy J. Silveira, Esq.

Telephone:  (978) 475-7580
Facsimile:  (978) 475-1881

July 1, 2005

**By Certified Mail; Return Receipt Requested**

Klaus G. Dorfi, C.E.O.
Centennial Insurance Company
140 Broadway
New York, NY 10005

Re:    <u>Invensys Systems, Inc. v. Centennial Insurance Company,</u>
       Civil Action No. 05-01151 (Norfolk, Mass. Super. Ct.).

Dear Mr. Dorfi:

Enclosed for service in the above-captioned case please find a Summons, Civil Action
Cover Sheet, and Complaint.

Very truly yours,

Robert Gilbert (EJD)

Robert J. Gilbert

Encl.

cc:    Invensys Systems, Inc.

7183 8901 9811 0000 3122

| RETURN<br>RECEIPT<br>SERVICE | POSTAGE | |
|---|---|---|
| | RESTRICTED DELIVERY FEE | $1.06 |
| | CERTIFIED FEE | $0.00 |
| | RETURN RECEIPT FEE | $2.30 |
| SENT TO: | TOTAL POSTAGE AND FEE'S | $1.75 |
| | | $5.11 |

POSTMARK OR DATE

JUL 1 1 2005

File: *Invensys/Centennial*

**Klaus G. Dorfi, CEO**
**Centennial Insurance Company**
**140 Broadway, 34th Floor**
**New York, NY  10005-1101**

PS FORM 3800

🦅 **UNITED STATES**
**POSTAL SERVICE**™   **RECEIPT FOR CERTIFIED MAIL**
NO INSURANCE COVERAGE PROVIDED
NOT FOR INTERNATIONAL MAIL
(SEE OTHER SIDE)

---

**2. Article Number**

7183 8901 9811 0000 3122

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                        ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

1. Article Addressed to:

**Klaus G. Dorfi, CEO**
**Centennial Insurance Company**
**140 Broadway, 34th Floor**
**New York, NY  10005-1101**

D. Is delivery address different from item 1?  ☐ Yes
   If YES enter delivery address below:        ☐ No

3. Service Type   ☒ Certified

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

PS Fo

80000 SERIES
50% P.C.W.

RECYCLED

B

# GILBERT & RENTON LLC
23 Main Street
Andover, Massachusetts 01810

Robert J. Gilbert, Esq.
Jeffrey B. Renton, Esq.
Edward J. Denn, Esq.
Stacy J. Silveira, Esq.

Telephone:  (978) 475-7580
Facsimile:  (978) 475-1881

July 1, 2005

**By U.S. Express Mail; Return Receipt Requested**

Klaus G. Dorfi, C.E.O.
Centennial Insurance Company
140 Broadway
New York, NY 10005

> Re:   <u>Invensys Systems, Inc. v. Centennial Insurance Company,</u>
>        Civil Action No. 05-01151 (Norfolk, Mass. Super. Ct.).

Dear Mr. Dorfi:

Enclosed for service in the above-captioned case please find a Summons, Civil Action Cover Sheet, and Complaint.

Very truly yours,

Robert Gilbert  (EJD)

Robert J. Gilbert

Encl.

cc:   Invensys Systems, Inc.

**EXPRESS MAIL**

UNITED STATES POSTAL SERVICE ®

**Customer Copy**
Label 11-B, March 2004

**Post Office To Addressee**

ED 454319028 US

## DELIVERY (POSTAL USE ONLY)

| Delivery Attempt | Time | □ AM □ PM | Employee Signature |
|---|---|---|---|
| Mo.    Day | | | |
| Delivery Attempt | Time | □ AM □ PM | Employee Signature |
| Mo.    Day | | | |
| Delivery Date | Time | □ AM □ PM | Employee Signature |
| Mo.    Day | | | |

## ORIGIN (POSTAL SERVICE USE ONLY)

PO ZIP Code
01810

Day of Delivery
□ Next □ 2nd □ 2nd Del. Day

Postage
$ 13.65

Date Accepted

Scheduled Date of Delivery
Month 7 Day 2

Return Receipt Fee
$

Mo. 7 Day 1 05 Year

Scheduled Time of Delivery
☑ 12 Noon □ 3 PM

COD Fee
$

Insurance Fee
$

Time Accepted
□ AM ☑ PM

Military
□ 2nd Day □ 3rd Day

Total Postage & Fees
$ 13.65

Flat Rate □ or Weight
____ lbs. 5 ozs.

Int'l Alpha Country Code

Acceptance Emp. Initials

## CUSTOMER USE ONLY

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

□ WAIVER OF SIGNATURE (Domestic Mail Only) Additional merchandise insurance is void if customer requests waiver of signature. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

NO DELIVERY
□ Weekend □ Holiday

Mailer Signature

FROM: (PLEASE PRINT)    PHONE 978-475-2580

Robert J. Gilbert, Esg.
Gilbert & Renton LLC
23 Main Street
Andover, MA 01810

TO: (PLEASE PRINT)    PHONE 212-227-3500

Centennial Insurance Company
40 Broadway, 34th Floor
New York, NY
Attn: Klaus G. Dorfi, CEO.

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)
1 0 0 0 5 + 1 1 0 X

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

*EMS*

USPS TOWN HOUSE STA 01810 JUL 1 2005