UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INVENSYS SYSTEMS, INC.<br>    Plaintiff,<br><br>v.<br><br>CENTENNIAL INSURANCE COMPANY,<br>    Defendant. | CIVIL ACTION NO: 1:05-CV-11589-WGY |

## ANSWER OF DEFENDANT CENTENNIAL INSURANCE COMPANY

Defendant Centennial Insurance Company ("Centennial") responds to the "Complaint for Declaratory Relief and Damages" of Plaintiff Invensys Systems, Inc. ("Invensys") as follows:

### FIRST DEFENSE

Centennial responds to the correspondingly numbered paragraphs of the Complaint as follows.

### Response to Allegations of Introduction

1.    Insofar as the allegations contained in paragraph 1 of the Complaint purport to summarize Invensys' claims in this action or to state conclusions of law, no response is required.

2.    Centennial denies the allegations contained in paragraph 2 of the Complaint.

### Response to Allegations of Parties

3.    Centennial admits the allegations contained in paragraph 3 of the Complaint upon information and belief.

4.    Centennial admits the allegations contained in paragraph 4 of the Complaint.

### Response to Allegations of Jurisdiction and Venue

5. Insofar as paragraph 5 of the Complaint purports to state conclusions of law, no response is required.

### Response to Allegations of Facts

6. Centennial denies the allegations contained in Paragraph 6 of the Complaint, except that Centennial admits that it issued Excess Liability Policy No. 462-00-76-30 to Trans-Sonics, Inc. for the period from January 1, 1972 to January 1, 1975 subject to all of the terms, conditions and exclusions contained therein (the "subject Centennial policy"). Centennial specifically denies that Exhibit 1 attached to the Complaint is a true and accurate copy of the subject Centennial policy.

7. Centennial denies the allegations contained in paragraph 7 of the Complaint, except that Centennial admits that the policy contained certain stated limits of liability. Centennial specifically denies that the limits of liability of the Centennial policy were written on a "per year" basis or that more than a single limit of liability applies to any "occurrence" under the policy.

8. Insofar as Paragraph 8 of the Complaint purports to state conclusions of law, no response is required. Insofar as Paragraph 8 of the Complaint purports to allege facts, Centennial is without knowledge or information sufficient to form a belief as to the truth of those facts, except that Centennial specifically denies that Exhibit 1 to the Complaint is a true and accurate copy of the subject Centennial policy.

9. Insofar as Paragraph 9 of the Complaint purports to state conclusions of law, no response is required. Insofar as paragraph 9 of the Complaint purports to allege facts, Centennial is without knowledge or information sufficient to form a belief as to the truth to those facts.

1154963v1

10. Insofar as Paragraph 10 of the Complaint purports to state conclusions of law, no response is required. Insofar as paragraph 10 of the Complaint purports to allege facts, Centennial is without knowledge or information sufficient to form a belief as to the truth of those facts.

11. Insofar as paragraph 11 of the Complaint purports to state conclusions of law, no response is required. Insofar as Paragraph 11 of the Complaint purports to allege facts, Centennial denies these allegations, except that Centennial admits that the Centennial policy speaks for itself as to the terms, conditions and exclusions thereof.

12. Insofar as Paragraph 12 of the Complaint purports to state conclusions of law, no response is required. Insofar as Paragraph 12 of the Complaint purports to allege facts, Centennial denies these allegations, except that Centennial admits that the Centennial policy speaks for itself as to the terms, conditions and exclusions thereof.

13. Insofar as Paragraph 13 of the Complaint purports to state conclusions of law, no response is required. Insofar as Paragraph 13 of the Complaint purports to allege facts, Centennial denies these allegations, except that Centennial admits that the Centennial policy speaks for itself as to the terms, conditions and exclusions thereof.

14. Insofar as Paragraph 14 of the Complaint purports to state conclusions of law, no response is required. Insofar as Paragraph 14 of the Complaint purports to allege facts, Centennial denies these allegations, except that Centennial admits that the Centennial policy speaks for itself as to the terms, conditions and exclusions thereof.

15. Insofar as Paragraph 15 of the Complaint purports to state conclusions of law, no response is required. Insofar as Paragraph 15 of the Complaint purports to allege facts,

1154963v1

Centennial denies these allegations, except that Centennial admits that the Centennial policy speaks for itself as to the terms, conditions and exclusions thereof.

16. Insofar as Paragraph 16 of the Complaint purports to state conclusions of law, no response is required. Insofar as paragraph 16 of the Compliant purports to allege facts, Centennial denies these allegations, except that Centennial admits on information and belief that Liberty Mutual Insurance Company ("Liberty Mutual") issued a Comprehensive General Liability policy to Trans-Sonics that was in effect during the period of the subject Centennial policy. Centennial specifically denies that Liberty Mutual has exhausted the limits of liability beneath the Centennial policy or its defense or other obligations with respect to the underlying claims that are the subject of this action.

17. Insofar as paragraph 17 of the Complaint purports to state conclusions of law, no response is required. Insofar as Paragraph 17 of the Complaint purports to allege facts, Centennial denies these allegations, except that Centennial admits that the Centennial policy speaks for itself as to the terms, conditions and exclusions thereof.

18. Insofar as the allegations contained in paragraph 18 of the Complaint purport to state conclusions of law, no response is required. Insofar as the allegations contained in Paragraph 18 of the Complaint purport to allege facts, Centennial denies these allegations, except that Centennial admits that it has denied that it owes defense and/or indemnity to Invensys under the Centennial policy in connection with the Wheeler Road Lawsuit.

19. Insofar as the allegations contained in Paragraph 19 of the Complaint purport to state conclusions of law, no response is required. Insofar as the allegations contained in Paragraph 19 of the Complaint purport to allege facts, Centennial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

1154963v1

20. Centennial denies the allegations contained in Paragraph 20 of the Complaint.

21. Centennial denies the allegations contained in Paragraph 21 of the Complaint.

**Response to Allegations of COUNT I**
**(Breach of Contract – Failure to Defend)**

22. Centennial repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-21 of the Complaint as though fully set forth here.

23. Centennial denies the allegations contained in Paragraph 23 of the Complaint.

24. Centennial denies the allegations contained in Paragraph 24 of the Complaint.

**Response to Allegations of COUNT II**
**(Breach of Contract – Failure to Indemnify)**

25. Centennial repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-24 of the Complaint as though fully set forth here.

26. Centennial denies the allegations contained in Paragraph 26 of the Complaint.

27. Centennial denies the allegations contained in Paragraph 27 of the Complaint.

**Response to Allegations of COUNT III**
**(Declaratory Relief – Duty to Defend)**

28. Centennial repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-27 of the Complaint as though fully set forth herein.

29. Centennial denies the allegations contained in Paragraph 29 of the Complaint.

30. Insofar as the allegations continued in Paragraph 30 of the Complaint purport to state conclusion of law, no response is required. Insofar as the allegations contained in Paragraph 30 of the Complaint purport to allege facts, Centennial admits that it denies that it has any obligation to defend Invensys or to reimburse defense costs in connection with the Wheeler Road Lawsuit.

31.     Insofar as the allegations contained in paragraph 31 of the Complaint purport to state conclusions of law, no response is required. Insofar as the allegations contained in Paragraph 31 of the Complaint purport to allege facts, Centennial denies these allegations.

### Response to Allegations of COUNT IV
### (Declaratory Relief – Duty to Indemnify)

32.     Centennial repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-31 of the Complaint as though fully set forth here.

33.     Centennial denies the allegations contained in paragraph 33 of the Complaint.

34.     Insofar as the allegations contained in Paragraph 34 of the Complaint purport to state conclusions of law, no response is required. Insofar as the allegations contained in Paragraph 34 of the Complaint purport to allege facts, Centennial admits that it denies that it has any obligation to indemnify Invensys in connection with the Wheeler Road Lawsuit.

35.     Insofar as the allegations contained in paragraph 35 of the Complaint purport to state conclusions of law, no response is required. Insofar as the allegations contained in Paragraph 35 of the Complaint purport to allege facts, Centennial denies these allegations.

### Response to Allegations of COUNT V
### (Breach of the Duty of Good faith and Fair Dealing;
### Violation of Chapter 93A and Chapter 176D)

36.     Centennial repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1-35 of the Complaint as though fully set forth here.

37.     Insofar as the allegations contained in Paragraph 37 of the Complaint purport to state conclusions of law, no response is required. Insofar as the allegations contained in Paragraph 37 of the Complaint purport to allege facts, Centennial denies these allegations, except that Centennial admits that it has denied that it is obligated to defend or indemnify Invensys with respect to the Wheeler Road Lawsuit.

1154963v1

38.     Insofar as the allegations contained in Paragraph 38 of the Complaint purport to state conclusions of law, no response is required.  Insofar as the allegations contained in Paragraph 38 of the Complaint purport to allege facts, Centennial denies these allegations, except that Centennial admits that it has denied that it is obligated to defend or indemnify Invensys with respect to the Wheeler Road Lawsuit.

39.     Centennial denies the allegations contained in Paragraph 39 of the Complaint.

40.     Insofar as the allegations contained in Paragraph 40 of the Complaint purport to state conclusions of law, no response is required.  Insofar as the allegations contained in Paragraph 40 of the Complaint purport to allege facts, Centennial denies these allegations, except that Centennial admits that it is an insurance company.

41.     Centennial denies the allegations contained in Paragraph 41 of the Complaint.

**SECOND DEFENSE**
**(Failure to State a Claim)**

The Complaint and/or certain Counts thereof fail(s) to state a claim upon which relief may be granted and should be dismissed with prejudice.

**THIRD DEFENSE**
**(Statute of Limitations)**

One or more Counts of the Complaint is/are barred by the applicable statute of limitations.

**FOURTH DEFENSE**
**(Failure to Exhaust)**

Invensys' claims against Centennial are barred because it has failed to properly exhaust all primary and/or other coverage which is potentially applicable to the Wheeler Road Lawsuit. Insofar as proper exhaustion of all such coverage is a condition precedent to coverage under the Centennial policy, Invensys is not entitled to coverage.

## FIFTH DEFENSE

The claims asserted in the Amended Complaint are barred to the extent that the doctrine of laches is applicable.

## SIXTH DEFENSE

The claims asserted in the Amended Complaint are barred to the extent that the doctrine of waiver is applicable.

## SEVENTH DEFENSE

The claims asserted in the Amended Complaint are barred to the extent that the doctrine of estoppel is applicable.

## EIGHTH DEFENSE

To the extent that the Centennial contracts incorporate certain terms, conditions, exclusions and other provisions of underlying or other insurance policies, Centennial is entitled to the benefit of, and incorporates here by reference, such terms, conditions, exclusions and/or other provisions.

## NINTH DEFENSE

To the extent that the named insured has failed to comply with the terms and conditions contained in the Centennial contracts, as well as the terms and conditions of any underlying policies or other policies that are incorporated by the Centennial contracts in whole or in part, the claims asserted in the Complaint are barred.

## TENTH DEFENSE

To the extent that the named insured under the Centennial contracts failed to provide Centennial with timely and proper notice of the alleged accidents or occurrences underlying or

1154963v1

giving rise to the underlying matters and/or subsequent developments relating to such matters, the claims asserted in the Complaint are barred.

## ELEVENTH DEFENSE

To the extent that the named insured under the Centennial contracts failed to provide Centennial with an opportunity to associate, at Centennial's discretion, in the defense of the underlying matters identified in the Complaint, Centennial is relieved of any obligation or duty with respect to such matters.

## TWELFTH DEFENSE

The Centennial contracts do not obligate Centennial to defend the insured against claims, actions or proceedings, or to pay defense costs. Therefore, Centennial has no obligation to defend the insured or to pay defense costs in connection with the underlying matters identified in the Complaint.

## THIRTEENTH DEFENSE

The Centennial contracts provide coverage only for "ultimate net loss" as defined by the contracts. Plaintiff's claims are barred to the extent that plaintiff seeks coverage for amounts that do not constitute "ultimate net loss."

## FOURTEENTH DEFENSE

To the extent that the relief sought in the underlying matter is equitable in nature and does not constitute damages, there is no coverage under the Centennial contracts.

## FIFTEENTH DEFENSE

To the extent that the contamination alleged in the underlying matters does not constitute property damage, there is no coverage under the Centennial contracts.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks recovery for routine business expenses, because the Centennial contracts do not cover such expenses.

## SEVENTEENTH DEFENSE

To the extent that the Centennial contracts, or any underlying or other policies whose terms or conditions the contracts incorporate in whole or in part, contain a pollution exclusion, there is no coverage for the claims asserted in the Complaint under any such contracts.

## EIGHTEENTH DEFENSE

To the extent that any damage to property alleged in the Complaint was expected or intended, there is no coverage under the Centennial contracts.

## NINETEENTH DEFENSE

The Centennial contracts do not provide coverage for claims asserted in the Wheeler Road Lawsuit to the extent that those claims did not result from an accident(s) or occurrence(s).

## TWENTIETH DEFENSE

To the extent that any property damage alleged in the Wheeler Road Lawsuit took place in periods other than the period of coverage provided by the Centennial contracts, it is not covered as a matter of law.

## TWENTY-FIRST DEFENSE

To the extent that the insured under the Centennial contracts may have voluntarily paid, or assumed an obligation to pay, or incurred any expenses or costs in connection with the underlying matters without Centennial's consent or approval, there is no coverage under the Centennial contracts for such payments or assumed obligations.

1154963v1

## TWENTY-SECOND DEFENSE

To the extent that the insured under the Centennial contracts has failed to mitigate, minimize or avoid any damages alleged in the Wheeler Road Lawsuit, any recovery against Centennial must be reduced accordingly.

## TWENTY-THIRD DEFENSE

To the extent that it is determined that the insured under the Centennial contracts, its agents, or representatives, misrepresented or failed to disclose or omitted material information in connection with any application for insurance in connection with the issuance or renewal of the Centennial contracts, the insured's claim for coverage is barred.

## TWENTY-FOURTH DEFENSE

The Centennial contracts apply only after the limits of the policies and/or self-insured retentions underlying the contracts have been properly exhausted. To the extent that such underlying limits and self-insured retentions have not been properly exhausted, Centennial has no obligation to indemnify the insured.

## TWENTY-FIFTH DEFENSE

To the extent that the relief sought in the underlying matters constitutes punitive damages, no coverage is afforded for such relief.

## TWENTY-SIXTH DEFENSE

The Centennial contracts afford coverage only to the named insureds under the contracts. Accordingly, no coverage is afforded to any plaintiff in this action that is not a named insured under the Centennial contracts.

1154963v1

**TWENTY-SEVENTH DEFENSE**

The Centennial contracts do not provide coverage for damage to property owned or occupied by or rented to the insured. Accordingly, the claims alleged in the Wheeler Road Lawsuit are barred in whole or in part to the extent that they seek coverage for such damage.

**TWENTY-EIGHTH DEFENSE**

To the extent that the Centennial contracts, or any underlying or other policies whose terms and conditions they incorporate in whole or in part, exclude coverage for damage to or in connection with premises alienated by the insured, the claims alleged in the Complaint are barred to the extent that they seek coverage for such damage.

**TWENTY-NINTH DEFENSE**

To the extent that the Centennial contracts, or any underlying or other policies whose terms and conditions they incorporate in whole or in part, exclude coverage for liability assumed by the insured under contract or agreement, any of the claims alleged in the Complaint which arise from liability assumed by the insured pursuant to contract or agreement are barred.

**THIRTIETH DEFENSE**

To the extent that the insured under the Centennial contracts knew or should have known of any loss or claimed liabilities at the time the contracts were issued, the claims for coverage are barred.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff seeks recovery for losses that were in progress at the inception of the Centennial contracts.

1154963v1

## THIRTY-SECOND DEFENSE

To the extent that the insured's acts or failures to act which gave rise to the underlying matters referenced in the Complaint were in violation of law or public policy, the claims asserted in the Complaint are barred.

## THIRTY-THIRD DEFENSE

To the extent that the relief sought in the underlying matters constitutes a fine, penalty, or restitution, no coverage is afforded for such relief under the Centennial contracts.

## THIRTY-FOURTH DEFENSE

To the extent that the relief sought in the underlying matters constitutes the cost of response or remediation ordered by a government entity or regulatory body, no coverage is afforded for such relief under the Centennial contracts.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred to the extent that plaintiff fails to prove the existence and terms of any Centennial contract under which it seeks coverage or any underlying or other policies whose terms and conditions the Centennial contract incorporates in whole or in part.

## THIRTY-SIXTH DEFENSE

Plaintiff has failed to join in this action all persons necessary for a just adjudication.

## THIRTY-SEVENTH DEFENSE

The imposition of liability upon Centennial, outside the scope of coverage of the Centennial contracts, for the losses occasioned by releases of hazardous waste into the environment would result in an unjust enrichment.

1154963v1

**THIRTY-EIGHTH DEFENSE**

To the extent that the insured asserts that the Centennial contracts provide coverage for the claims asserted in the Complaint, there has been a lack of consideration for the obligations claimed and the circumstances sued upon; therefore Centennial has no obligation to the named insured under the terms of the contracts.

**RESERVATION OF RIGHTS**

Centennial reserves its right to assert further defenses which may be appropriate upon discovery of: (i) the terms, conditions and exclusions of the Centennial contracts; (ii) the terms, conditions and exclusions of the policies of insurance which underlie the Centennial contracts; and (iii) other matters concerning which discovery has been or will be conducted with respect to the matters set forth in the Complaint.

**CENTENNIAL INSURANCE CO.**

By its attorneys,

/s/ John T. Harding

_____
Michel F. Aylward BBO #024850
John T. Harding BBO #221270
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210
(617) 439-7558
(617) 342-4888 (facsimile)

Dated: August 15, 2005

1154963v1