UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INVENSYS SYSTEMS, INC.,<br>    Plaintiff,<br><br>v.<br><br>CENTENNIAL INSURANCE COMPANY,<br>    Defendant. | CIV. NO: 1:05-CV-11589-WGY |

### DEFENDANT CENTENNIAL INSURANCE COMPANY'S
### MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed.R.Civ.P. 56 and Local Rule 56.1, Defendant Centennial Insurance Company ("Centennial") requests that the Court enter an Order granting summary judgment in its favor on all counts and claims of the Complaint filed by Plaintiff Invensys Systems, Inc., as the successor to Trans-Sonics, Inc. ("Trans-Sonics"). Specifically, Centennial requests that the Court declare as follows.

1. Trans-Sonics failed to timely notify Centennial of any claim for coverage relating to the underlying *Wheeler Road Lawsuit* and thereby breached the policy condition requiring timely notice of a claim or suit.

2. Trans-Sonics is not entitled to coverage based upon its breach of the voluntary payments condition of the policy.

As grounds for this motion, Centennial relies upon its Statement of Undisputed Facts and supporting Memorandum of Law filed herewith and further states as follows:

1. In 1990, the current owner of the Site formerly operated by Trans-Sonics brought an action in this Court seeking to recover costs associated with remediating pollution at the Site

(the *Wheeler Road Lawsuit*") after being named as a potentially responsible party liable for the contamination at the Site by the Massachusetts Department of Environmental Quality Engineering (the "DEQE," now the "DEP").

2.  The excess liability policy issued to Trans-Sonics by Centennial requires that Centennial be notified immediately of any such suit.

3.  The Centennial policy further prohibits the policyholder from incurring any obligations or making any payments without notifying Centennial and obtaining its consent.

4.  The first notice to Centennial of the *Wheeler Road Lawsuit* was not provided until ***more than nine (9) years later*** in June 2000.

5.  By that time, the *Wheeler Road Lawsuit* had proceeded through discovery and trial, resulting in the entry of Findings of Fact, Rulings of Law and a Final Judgment in 1996, some *four years* before notice of the claim to Centennial.

6.  Trans-Sonics was found to be liable for having caused groundwater contamination at the Site, but was not held responsible for soil contamination. The Final Judgment against Trans-Sonics was in the amount of $1,144,523.79, and also included a declaration that Trans-Sonics would be responsible for ongoing remediation at the Site.

7.  The Final Judgment was paid by Trans-Sonics in October 1996, again with absolutely no notice to Centennial or suggestion that Centennial had any liability for the Final Judgment.

8.  Liberty Mutual issued primary coverage to Trans-Sonics (including Foxboro) for at least the period from 1972 to 1982, and the collective limits of liability available to Trans-Sonics for this period were $4.8 million.

9. Trans-Sonics entered into a settlement agreement with the Plaintiffs in the *Wheeler Road Lawsuit* in February, 2000.

10. No notice of this settlement agreement was provided to Centennial until several months after it had been executed.

11. Trans-Sonics finally provided notice of the *Wheeler Road Lawsuit* to Centennial on or about June 9, 2000, when Trans-Sonics forwarded, for the first time, a copy of the Complaint and Final Judgment for the *Wheeler Road Lawsuit*, some ***sixteen years*** after the contamination was discovered; ***fifteen years*** after a Notice of Responsibility was issued to Trans-Sonics; ***nine years*** after the *Wheeler Road Lawsuit* was commenced; ***four years*** after the Final Judgment was entered; nearly ***four years*** after the Final Judgment was paid; and only after Trans-Sonics had entered into settlement agreements with the plaintiffs in the *Wheeler Road Lawsuit* and its primary insurer, Liberty Mutual.

12. Centennial promptly reserved its rights. After investigating Trans-Sonics' claim, Centennial denied coverage on July 12, 2001.

13. Trans-Sonics waited nearly another four years to commence this suit.

14. Trans-Sonics' breach of the notice and voluntary payouts conditions of the Centennial policy void the coverage and entitle Centennial to judgment in its favor as a matter of law. *Lusalon, Inc. v. Hartford Accident & Indemnity Co.*, 400 Mass. 767 (1987); *Augat, Inc. Liberty Mutual Ins. Co.*, 410 Mass 117 (1991).

For the reasons stated above and in its supporting Memorandum of Law, Centennial respectfully requests that the Court enter an Order declaring that:

1. Trans-Sonics failed to timely notify Centennial of any claim for coverage relating to the *Wheeler Road Lawsuit* and thereby breached the policy condition requiring timely notice of a claim or suit.

2. Trans-Sonics is not entitled to coverage based upon its breach of the voluntary payments condition of the policy.

3. Centennial was prejudiced and is entitled to judgment in its favor as a matter of law.

Respectfully submitted,

**CENTENNIAL INSURANCE COMPANY,**
By its attorneys,

*/s/ John T. Harding*

John T. Harding, BBO # 221270
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210-1181
(617) 439-7558
(617) 342-4888 (facsimile)

Dated: September 22, 2006

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 22, 2006.

*/s/ John T. Harding*

John T. Harding, Jr. BBO #221270

4

1023367v1