UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INVENSYS SYSTEMS, INC., )<br>Plaintiff, )<br> )<br>v. )<br> )<br>CENTENNIAL INSURANCE COMPANY, )<br>Defendant. )<br> ) | CIV. NO: 1:05-CV-11589-WGY |

**DEFENDANT CENTENNIAL INSURANCE COMPANY'S
STATEMENT REGARDING CERTIFICATION TO THE
MASSACHUSETTS SUPREME JUDICIAL COURT**

Pursuant to the Court's question at the hearing on November 13, 2006, Defendant Centennial Insurance Company ("Centennial") respectfully suggests that this case would be appropriate for certification to the Massachusetts Supreme Judicial Court (the "SJC"). SJC Rule 1:03 provides that the Court "may answer questions of law certified to it by…a United States District Court…if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of this Court." The question of Massachusetts law concerning the appropriate standard to govern the issue of prejudice in the context of Centennial's defenses based upon late notice and voluntary payments will likely be determinative of this case.

The SJC has not expressly ruled upon the issue of what constitutes prejudice to an insurer in the precise factual circumstances that are present here. In particular, the SJC has not decided how an excess insurer meets its burden of proving actual and material prejudice in the case of an extreme delay in notice by the insured; where the underlying case has already proceeded to a final judgment; where the final judgment has been paid; and where the insured has entered into

an agreement committing it to the payment of significant future costs. There is no reason for this Court to assume that the SJC, when squarely presented with the issue of prejudice in an appropriate case, would follow the reasoning of the Massachusetts Appeals Court in *Employers' Liab. Assurance Corp. v. Hoechst-Celanese Corp.*, 43 Mass. App. Ct. 465, 684 N.E.2d 600 (1997) (rejecting general propositions as to prejudice the insurer might have suffered). Indeed, as noted at argument, the *Hoechst-Celanese* case involved entirely different contractual provisions regarding notice than those at issue here, and the policies in that case did not contain an explicit prohibition on the insured making "voluntary payments."

This Court, the First Circuit Court of Appeals, and other District Courts in the First Circuit have certified insurance coverage issues to their respective state supreme courts on many prior occasions. *See e.g.*, *In re Acushnet River & New Bedford Harbor*, 725 F. Supp. 1267 (D. Mass. 1989) (certifying questions to the SJC regarding (1) meaning of the word "sudden" in the pollution exclusion; and (2) the applicable "trigger" of coverage); *Blevio v. Aetna Cas. & Sur. Co.*, 844 F. Supp. 849 (D. Mass. 1993) (certifying a question of set-off among multiple insurers to the Supreme Court of Connecticut); *CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.*, 46 F.3d 1211 (1st Cir. 1995) (certifying the issue of trigger-of-coverage to the Rhode Island Supreme Court); *Municipality of San Juan v. Great Am. Ins. Co.*, 813 F.2d 520 (1st Cir. 1987) (certifying several questions to the Puerto Rico Supreme Court, including whether prejudice is necessary to relieve an insurer from its contractual duty to defend an insured when the insured breached a condition precedent requiring the prompt forwarding of any summons to the insurer); *EnergyNorth Gas, Inc. v. Underwriters at Lloyd's*, 848 A. 2d 715, 718 (N.H. 2004).

1032834v1

It would be appropriate for the Court to certify a question relating to the prejudice standard to the SJC for a definitive answer that can be applied to this case before further proceedings in this Court or the First Circuit Court of Appeals take place.

                                                   **CENTENNIAL INSURANCE COMPANY**,
By its attorneys,

*/s/ John T. Harding*

———————————————
John T. Harding BBO #221270
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210
(617) 439-7558
Dated: November 21, 2006          (617) 342-4888 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 21, 2006.

*/s/ John T. Harding*

———————————————
John T. Harding, Jr. BBO #221270